UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| PAUL J. STEELE,<br><br>Plaintiff,<br><br>vs.<br><br>DENNIE KAEMINGK, DOC POLICY AND COMPLIANCE MANAGER, DOC SENIOR STAFF ATTORNEY, ATTORNEY GENERALS OFFICE, PUBLIC ENTITY POOL FOR LIABILITY STATE RISK MANAGEMENT OFFICE, ATTORNEY AT THE SOUTH DAKTOA STATE PENITENTIARY (SDSP), IF THE SUMMONS AND COMPLAINT ARE APPLICABLE TO THE ADULT INSTITUTIONAL SYSTEM; AND RELATIONSHIP WITH ANY NEWS MEDIA PUBLIC AND OTHER AGENCIES,<br><br>Defendants. | 4:19-CV-04016-LLP<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL |

Plaintiff, Paul Steele, is an inmate at the South Dakota State Penitentiary in Sioux Falls. On May 29, 2019, the court dismissed Steele's case for failure to prosecute. Docket 5. Steele now appeals that order and moves for leave to proceed in forma pauperis on appeal. Dockets 7 and 8.

Under the Prison Litigation Reform Act (PLRA), a prisoner who "files an appeal in forma pauperis . . . [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This obligation arises " 'the moment the prisoner . . . files an appeal.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)). Therefore, " '[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays

the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " *Id.* (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)). "[P]risoners who appeal judgments in civil cases must sooner or later pay the appellate filing fees in full." *Id.* (citing *Newlin v. Helman*, 123 F.3d 429, 432 (7th Cir. 1997)).

In *Henderson*, the Eighth Circuit set forth "the procedure to be used to assess, calculate, and collect" appellate filing fees in compliance with the PLRA. 129 F.3d at 483. First, the court must determine whether the appeal is taken in good faith. *Id.* at 485 (citing 28 U.S.C. § 1915(a)(3)). Then, so long as the prisoner has provided the court with a certified copy of his prisoner trust account, the court must "calculate the initial appellate partial filing fee as provided by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply." *Id.* The initial partial filing fee must be 20 percent of the greater of:

(A) the average monthly deposits to the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). Nonetheless, no prisoner will be "prohibited from . . . appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

It appears that Steele's appeal is taken in good faith. Further, he has provided the court with a report of his prisoner trust account, which indicates that he has average monthly deposits to his prisoner trust account of $59.76 and an average monthly balance of $1.14. Docket 9. Based on this information, the court finds that § 1915(b)(1) applies. Steele may proceed in forma pauperis on appeal provided he pays an initial partial appellate filing fee of $11.95, which is 20 percent of $59.76.

Thus, it is ORDERED

1. Steele's motion to proceed in forma pauperis on appeal (Docket 8) is granted. Steele must make an initial partial appellate payment of $11.95 by July 15, 2019, made payable to the Clerk, U.S. District Court.

2. The institution having custody of the Steele is directed that whenever the amount in Steele's trust account, exclusive of funds available to him in his frozen account, exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month shall be forwarded to the United States District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the appellate filing fee of $505 is paid in full.

DATED June 17th, 2019.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK